IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN ROBERT DEMOS, JR. | ) | CIV. NO. 19-00062 SOM-KJM |
| Plaintiff, | ) | DISMISSAL ORDER |
| vs. | ) | |
| THE U.S., THE U.S.A., WASH. D.C., | ) | |
| Defendants. | ) | |

## **DISMISSAL ORDER**

Before the court is pro se Plaintiff John Robert Demos, Jr.'s civil rights complaint and motion for appointment of counsel.  Demos, who is a Washington state prisoner, has submitted neither the civil filing fee for commencing this action nor an *in forma pauperis* ("IFP") application.  Demos's pleading consists of seven pages of incoherent statements, declarations, and questions regarding the use of the word "or" in the United States Constitution, and questioning whether the Articles of Confederation have been repealed.  Compl., ECF No. 1.

## I. BACKGROUND

Demos is well known within the federal courts. *See* PACER Case Locator, http://pcl.upsci.uscourts.gov (last visit 02/6/2019). To date, he has filed at least 920 civil actions or appeals. *See id.* He is subject to prefiling review orders in the Western and Eastern Districts of Washington, the Washington state courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993). The United States District Court for the Western District of Washington, the district in which Demos is incarcerated, has a standing order providing for the return without filing of any petition that he files pursuant to §§ 1651, 2253, or 2254, unless the submission is accompanied by a filing fee. *See Demos v. Weidman*, No. 2:11-cv-00274, Report and Recommendation, ECF No. 2, (W.D. Wash., Feb. 9, 2011); *adopted* Mar. 21, 2011, ECF No. 5. Additionally, Demos is allowed to submit only three IFP applications and proposed actions each year in that court. *Id*.

## II.   28 U.S.C. § 1915(g)

Demos has clearly accrued three strikes pursuant to 28 U.S.C. § 1915(g) and has notice of these strikes.[1] He may not proceed without concurrent payment of the filing fee unless his pleadings show that he was in imminent danger of serious physical injury at the time that he brought this action.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007).  Nothing within the record remotely suggests that Demos is or was in imminent danger of serious physical injury when he filed this action or that there is a continuing practice that injured him in the past that poses an "ongoing danger."  *Id.* at 1056.  Thus, he may not proceed in this action without concurrent payment of the civil filing fee.

---

[1] *See, e.g., Demos v. State of Washington*, No. 1:09-cv-1000 (D. Ill., Jun. 23, 2010); *Demos v. United States*, No. 1:08-cv-11366 (D. Mass. Aug. 14, 2008); *Demos v. Doe*, No. 3:00-cv-00824 (S.D. Cal, Jul. 20, 2000).  *See also Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005) (allowing a court to consider court records of previous dismissals and requiring notice to the prisoner of these dismissals before denying IFP under § 1915(g)).

## III.  CONCLUSION

(1) This action is DISMISSED without prejudice to Demos's filing of a new action with concurrent payment of the filing fee.

(2)  Demos's Motion for Appointment of Counsel is DENIED as moot.

(3)  The 02/04/2019 Deficiency Order, ECF No. 3, is VACATED.  The Clerk of Court is DIRECTED to enter judgment and to close this case.  The court will take no action on any documents filed herein that are not accompanied by the civil filing fee, beyond processing a notice of appeal.

IT IS SO ORDERED.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Demos v. U.S., et al.,* No. 19-cv-00062 SOM-KJM; Dismissal Order; 3 stks '19;J:\PSA Draft Ords\SOM\Demos 19-62 SOM  (1915(g)).wpd